**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5211**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STEVEN ALLEN HALL,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:08-cr-00006-1)

Submitted: July 6, 2009        Decided: July 24, 2009

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Allen Hall was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Hall to thirty months of imprisonment, and Hall appeals his conviction and sentence. Finding no error, we affirm.

Hall first challenges the district court's denial of his suppression motions. Hall argues that the officer who arrested him did not have reasonable suspicion to detain him. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court denies a defendant's suppression motion, the court construes "the evidence in the light most favorable to the [G]overnment." United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005) (citation omitted).

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). The officer must have "at least a minimal level of objective justification for making the stop" and "must be able to articulate more than an

2

inchoate and unparticularized suspicion or hunch of criminal activity." Id. at 123-24 (internal quotation marks and citations omitted). Courts assess the legality of a Terry stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citations omitted). The court will "credit the 'practical experience of officers who observe on a daily basis what transpires on the street.'" Id. (quoting United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993)).

With these standards in mind, we have reviewed the record and find that the district court's conclusion that the officer had reasonable suspicion that criminal activity might have been afoot was not erroneous. We also find that Hall's reliance on the Second Amendment is misplaced, and that he failed to preserve for our review his claims based upon the state concealed weapon statute. Thus, the district court properly denied Hall's suppression motions.

Hall next challenges the district court's denial of a two-level reduction in offense level for acceptance of responsibility under the guidelines. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. After calculating the appropriate advisory guidelines range, a district court should

3

consider the resulting range in conjunction with the factors set out in 18 U.S.C. § 3553(a) (2006), and determine an appropriate sentence. United States v. Abu Ali, 528 F.3d 210, 259-60 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir. 2009), petition for cert. filed (May 29, 2009) (No. 08-10729). In so doing, the court first examines the sentence for "significant procedural error," including: "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. "If the district court decides to impose a sentence outside the [g]uidelines range, it must ensure that its justification supports 'the degree of the variance'; . . . ." United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (quoting Gall, 128 S. Ct. at 597). Finally, the court then "'consider[s] the substantive reasonableness of the sentence imposed.'" Id. (quoting Gall, 128 S. Ct. at 597). If the sentence is within the guidelines range, the appellate court may apply a presumption of

4

reasonableness.  Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

The guidelines provide for a two-level reduction in offense level for a defendant who "clearly demonstrates acceptance of responsibility."  U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(a) (2007).  The defendant bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence.  United States v. Harris, 882 F.2d 902, 907 (4th Cir. 1989).  In addition, this court will review the district court's determination of acceptance of responsibility with "great deference."  See USSG § 3E1.1 cmt. n.5.  We have reviewed the record and conclude that the district court did not err in concluding that Hall failed to demonstrate acceptance of responsibility by a preponderance of the evidence.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED